ORDERED.

Dated: July 17, 2018

_____
Karen S. Jennemann
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GEA SEASIDE INVESTMENT, INC.,

    Debtor.

_____/

Case No.: 3:18-bk-0800-JAF

Chapter 11

### PRELIMINARY ORDER GRANTING IN PART AND DENYING IN PART DEBTOR GEA SEASIDE INVESTMENT, INC.'S MOTION FOR CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY

This case came before the Court upon Debtor GEA Seaside Investment, Inc.'s Motion for Contempt for Violation of the Automatic Stay (the "Motion for Contempt") (Doc. 93). The Court conducted a preliminary hearing on the Motion for Contempt on July 12, 2018.

The following allegations set forth in the Motion for Contempt do not appear to be disputed. The Debtor is a Florida corporation in the business of leasing/renting residential real properties in Volusia County. David and Annelise Treder (the "Treders") are tenants who leased residential property from the Debtor. Deborah Hallisky and Jimmy Davis (the "Attorneys," and together with the Treders, the "Respondents") are attorneys who represented the Treders in an eviction action brought by the Debtor against the Treders in Volusia County Court (the "Eviction

Action"). The Treders have a counterclaim pending against the Debtor in the Eviction Action. The Debtor filed bankruptcy during the pendency of the Eviction Action and then filed a suggestion of bankruptcy in the Eviction Action. The state court stayed all claims and counterclaims in the Eviction Action. After the suggestion of bankruptcy, the Treders (through the Attorneys) filed a motion for sanctions and for default judgment in the Eviction Action.

The Motion for Contempt also alleges the Attorneys solicited other tenants of the Debtor to bring additional actions against the Debtor in state court as well as misrepresented bankruptcy law to the state court, which resulted in the state court entering a general order that requires the Debtor to seek relief from the stay (in this Court) every time it pursues an eviction action against any tenant in Volusia County. The Debtor contends this frustrates the reorganization process and harms the bankruptcy estate through the additional time/cost wasted for unnecessarily having to seek relief from the stay to pursue its own actions against its tenants.

The Court finds that The Respondents' filing of the motion for sanctions in the Eviction Action was a technical violation of the automatic stay. However, no additional damages were incurred as a result of the filing. The Court finds that the Attorneys' alleged solicitation of the Debtor's other tenants for the purpose of bringing additional actions does not state a claim for any stay violation. To the contrary, a debtor's creditors are encouraged to obtain competent legal representation to bring legitimate claims before the Court. As to the Attorneys' alleged actions, such as filing pleadings in other cases in Volusia County Court and obtaining an order from the Volusia County Court, which requires the Debtor to obtain an order lifting the automatic stay every time it seeks to evict a non-debtor tenant for the non-payment of rent, additional evidence is needed to determine whether the automatic stay was violated. The Court will consolidate this

remaining evidentiary issue with Adversary Proceeding 3:18-ap-53-JAF. Upon the foregoing, it is

**ORDERED:**

1. The Respondents shall promptly withdraw the motion for sanctions in the Eviction Action.

2. The evidentiary issue of whether the Attorneys' actions in other cases in Volusia County Court violated the automatic stay is consolidated for all purposes with Adversary Proceeding 18-53.

3. A pretrial conference on the consolidated matters is set for August 21, 2018 at 10:00 a.m. in Adversary Proceeding 18-53.

The Clerk will serve a copy of this order on interested parties.