UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:  
    GEA SEASIDE INVESTMENT, INC.  
    Debtor (s).  
_____/

CASE NO.: 3:18-bk-00800-JAF  
Chapter 11

## DEBTOR'S MOTION TO DETERMINE LIEN NULL AND VOID
### (Instrument Number 2015014251 – 615 Wisteria Rd, Daytona Beach, FL 32218)

Debtor, GEA SEASIDE INVESTMENT, INC., files this Motion to Determine Lien Null and Void and in support states as follows:

### I. INTRODUCTION

1. On January 10, 2013, Debtor filed a previous Chapter 11 case 3:13-bk-00165-JAF.

2. The automatic stay went into effect and remained in effect until entry of a confirmation order on January 5, 2016. *See* 11 U.S.C. § 362(a), (c).

3. During all relevant times, Debtor owned the real property at 615 Wisteria Rd, Daytona Beach, FL 32218 (the "Real Property").

4. On January 28, 2015, the City of Daytona Beach placed a lien on the Real Property as recorded at Book 7077 Page 272 of the Official Records of Volusia County, Florida, Instrument #2015014251.

5. The City of Daytona Beach did not seek or obtain relief from stay prior to imposing the lien.

6. The actions of the City of Daytona Beach in attempting to create, perfect or enforce a lien against property of the estate violated the automatic stay pursuant to 11 U.S.C. §§ 362(a)(4).

7. "In the Eleventh Circuit, actions 'taken in violation of the automatic stay are void and without effect.'" *Venn v. Bazzel (In re Lambert)*, 273 B.R. 663 (Bankr. N.D. Fla. 2002) (quoting

1

*Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982).

8. The automatic stay arose when the prior Chapter 11 was filed on January 10, 2013. The "stay automatically arises without the necessity of judicial intervention." *See Myers v. Miracle Finance, Inc. (In re Myers)*, 402 B.R. 370 (Bankr. M.D. Ala. 2009).

9. The creation and recording of the lien were in violation of the automatic stay and are void.

10. Accordingly, the Debtor requests entry of an Order:

    a. Finding the City of Daytona Beach violated the automatic stay in the prior case;

    b. Determining the lien is null and void and of no further force or effect;

    c. Directing Debtor to record the Order in the official records memorializing the extinguishment of the lien; and

    d. Granting any other relief the Court deems necessary and just.

DATED this 2 day of October, 2018.

Law Offices of Mickler & Mickler, LLP

By: */s/ Taylor J. King*
TAYLOR J. KING
Florida Bar No. 72049
Attorney for Debtor(s)
5452 Arlington Expressway
Jacksonville, Florida 32211
(904) 725-0822\FAX 725-0855

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished to:

City of Daytona Beach
c/o Robert Jagger, City Attorney
301 S. Ridgewood Avenue

Daytona Beach, FL 32114 (by U.S. Mail, postage pre-paid);

Which is the place it regularly conducts its business; and to

    Office of United States Trustee
    400 W. Washington, Suite 1100
    Orlando, FL 32801 (by CM/ECF filing)

Which is the place he regularly conducts his business, this __2__ day of October, 2018.

                                        /s/ Taylor J. King
                                        Taylor J. King, Attorney