**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE: GEA SEASIDE INVESTMENT, INC.   Case No.: 3:18-bk-00800-JAF
Chapter 11

Debtor(s).

_____

**STIPULATION REGARDING CLASS 68 OF CHAPTER 11 PLAN**
**(re: 101 Carolyn Terrace, Daytona Beach, FL 32118)**

Bank of New York Mellon c/o Nationstar Mortgage ("Secured Creditor"), its successors and/or

assigns, and GEA SEASIDE INVESTMENT, INC. ("Debtor"), by and through their undersigned

counsel, stipulate as follows:

1. Debtor and Secured Creditor agree to the following treatment in Debtor's Chapter 11 Plan

**SECURED CLAIMS – Impaired/Subject to Valuation and retention of lien:**

| Class: | Creditor: | Collateral: | Interest Rate: | Amount Allowed: | Payment: |
|---|---|---|---|---|---|
| 68 | Bank of New York Mellon c/o Nationstar Mortgage Dba Mr. Cooper PO Box 619096 Dallas, TX 75261-9741 | First Mortgage on property located at: 101 Carolyn Terrace, Daytona Beach, FL 32118 (POC #82) | 6% | $214,833.69 ($205,000 value plus $9,833.69 post-petition escrow advances) | $1,288.04 per month principal and interest for months 1-360; Debtor to maintain taxes and insurance directly |
| 68 | **Additional Class 68 Plan terms:** Upon completion of the Class 68 payments (whether over the full Plan term or completed via pre-payment), the lien of Nationstar Mortgage dba Mr. Cooper shall be null and void and no longer of any further force or effect. The court reserves jurisdiction to enter further orders as may be necessary to establish clear title for Debtor. | | | | |

2. Secured Creditor filed proof of claim 82 asserting a secured claim of $395,109.53.  Claim 82 shall be a timely allowed claim. Secured Creditor shall have a secured claim of $214,833.69 ($205,000 value plus $9,833.69 post-petition escrow advances) and an unsecured claim of $190,109.53, which shall be allowed a pro rata distribution in the general unsecured class.

3. Secured Creditor shall have an allowed secured claim of $207,000 (the "Secured Claim") in Debtor's Chapter 11 Plan reamortized over 30 years with 6% interest. Payments shall commence on the first (1st) day of the month following entry of a Confirmation Order in the amount of $1,288.04 per month principal and interest.

4. The above described payments shall be addressed to:

>  Nationstar Mortgage
>  PO Box 619096
>  Dallas, TX 75261-9741

5. Debtor shall maintain direct payments for the real property taxes and insurance on an ongoing basis. Failure to pay the P&I or failure to maintain the taxes and insurance timely (payment of taxes by April 1 of each subsequent year – ie payment of 2020 taxes by April 1, 2021) shall be a default under the provisions herein.

6. Secured Creditor shall de-escrow the mortgage account.

7. All terms, provisions and obligations of the Note and Mortgage remain in full force and effect except as modified herein.

8. Debtor shall incorporate the terms of this Stipulation into its Plan of Reorganization or into any Confirmation Order.  Secured Creditor shall cast a ballot voting in favor of Debtor's Plan as a secured creditor and unsecured creditor as outlined above.

9. Secured Creditor agrees to fully support confirmation of Debtor's Plan, as amended herein.

10. By operation of law, the automatic stay terminates upon entry of the Confirmation Order that

is final and not appealable.

11. In the event that the Creditor alleges a default, it must provide written notice to Debtor and ten (10) business days from the date of delivery of the notice within which to cure the default or otherwise provide a written response detailing the lack of any default. Written notice to Debtor shall be delivered by certified mail to:

> GEA Seaside Investment, Inc.
> c/o Jack Aberman
> 428 N. Peninsula Ave
> Daytona Beach, FL 32118

12. If Creditor alleges default while the Chapter 11 case remains open, Creditor shall also deliver notice to Taylor J. King, Esq., via CM/ECF filing.

13. Debtor shall cure the default within ten (10) business days from receipt of the written notice provided pursuant to paragraph ten (10) above or respond in writing detailing grounds that no default exists. Should Debtor fail to respond in writing or fail to cure the default timely, Creditor may proceed with its rights and default remedies under state law and is granted prospective relief from stay in the event of a future bankruptcy filing by Debtor or an affiliate transferee.

Dated this 10th day of June, 2020.

| **Robertson, Anschutz & Schneid, P.L.** | **LAW OFFICES OF MICKLER AND MICKLER, LLP** |
|---|---|
| By: */s/ April Harriott* | By: */s/ Taylor J. King* |
| April Harriott | Taylor J. King |
| Florida Bar No. 37547 | Florida Bar No. 72049 |
| 6409 Congress Ave., Suite 100 | 5452 Arlington Expressway |
| Boca Raton, FL 33487 | Jacksonville, FL 32211 |
| (561) 241-6901 | (904)725-0822 |
| aharriott@rasflaw.com | tjking@planlaw.com |
| Attorney for Creditor | Attorney for Debtor |

*Filer's Attestation: Pursuant to Local Rule 1001-2(e)(3) regarding signatures, Taylor J. King, attests that concurrence in the filing of this paper has been obtained*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was furnished to the Office of the United States Trustee, 400 W. Washington Street, Suite 1100, Orlando, FL 32801 and to all interested parties as listed on the court's matrix, by CM/ECF electronic filing, this 10th day of June, 2020.

Law Offices of Mickler & Mickler

By: */s/ Taylor J. King*
   TAYLOR J. KING
Florida Bar No. 072049
Attorney for Debtor in Possession
5452 Arlington Expressway
Jacksonville, FL 322211
(904) 725-0822/FAX 725.0855
tjking@planlaw.com