**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In Re:

GEA SEASIDE INVESTMENT, INC.,

        Debtor.

Bankr. Case No. 3:18-bk-00800-JAF

---

ANNELISE TREDER, DAVID TREDER, IRIS OSWALD, TAMMY CRUZ, MARY SAVARD, PAUL SAVARD, BARBARA BURNES, B. POOLER, R. COFFEY and R. ANDERSON,

        Appellants,

v.

Case No: 6:21-cv-437-GAP

GEA SEASIDE INVESTMENT, INC.,

        Appellee.

---

**ORDER**

In the instant appeal, AnnElise Treder, David Treder, Iris Oswald, Tammy Cruz, Mary Savard, Paul Savard, Babara Burnes, B. Pooler, R. Coffey, and R. Anderson ("**Appellants**") appeal the U.S. Bankruptcy Court's Order Denying their Motion to Reconsider, Clarify, or Amend the Confirmation Order, (Doc. 3-58

("**Bankruptcy Order**")). (Docs. 1, 16, 22). GEA Seaside Investment, Inc. ("**Appellee**") opposes. (Doc. 19). For the following reasons, the Bankruptcy Order is due to be affirmed.

I. **Background**

Appellee is a Florida corporation in the business of purchasing and renting residential property. (Doc. 3-2, p. 2). Appellants are prior lessees of Appellee's rental properties. (*Id.*). On March 12, 2018, Appellee filed a voluntary petition under Chapter 11 of the Bankruptcy Code. (*Id.*; Doc. 19, p. 9). Although Appellants had previously vacated Appellee's rental properties, Appellee failed to return their security deposits. (Doc. 19, p. 10). Appellants filed proofs of claim for these security deposits and asserted priority status under 11 U.S.C. § 507(a)(7). (Docs. 3-7–3-9, 3-97–3-102).

On October 22, 2018, Appellee filed its initial Plan of Reorganization ("**Plan**"), and subsequently amended the Plan four times. (Docs. 3-19, 3-32, 3-41, 3-45, 3-46). In the fourth amended Plan, all priority claims were listed in Class 1. (Doc. 3-46, p. 2–46). Secured claims were enumerated in Classes 2 through 81 and Classes 84 through 85. (*Id.* at 3–46). All general unsecured claims were included in Class 82, and equity interests were listed in Class 83. (*Id.* at 40).

Appellants' claims were included in Class 82, which, unlike the other classes, did not identify each creditor by name. (*Id.* at 40). Neither the fourth amended Plan

nor any prior iteration of the Plan afforded priority status to Appellants' claims. Indeed, the sole claim listed under Class 1 was a claim filed by the Internal Revenue Service ("**IRS**"). (*Id.* at 2). Despite this, Appellants filed no objection to the plan.

On July 23, 2020, the Bankruptcy Court entered an ordering confirming Appellee's fourth amended Plan. (Doc. 3-46 ("**Confirmed Plan**"); Doc. 3-58 ("**Confirmation Order**")). The Confirmation Order identified by name each creditor comprising Class 82, including the Appellants. (Docs. 3-58, p. 31). The Confirmation Order also afforded Appellee "ninety days (90) days from the Confirmation Date to commence any claims objections or commence any adversary proceedings." (*Id.* at 3). Appellants did not appeal the Confirmation Order.

Three days after the Confirmation Order was entered, Appellee filed objections to Appellants' proofs of claim, arguing that their claims are not entitled to priority status and should be treated as general unsecured claims under the terms of the Confirmed Plan. (Docs. 3-60–3-69 ("**Objections**")). In response, Appellants opposed Appellee's Objections, (*see* Docs. 3-75–3-78), and moved for reconsideration, clarification, or amendment of the Confirmation Order, (*see* Doc. 3-68 ("**Motion for Reconsideration**")).

In the Motion for Reconsideration, Appellants claimed they did not object "to the [Confirmed] Plan" because Appellee's Amended Confirmation Affidavit provided that:

- 3 -

> [h]olders of Allowed Priority Claims [would] receive cash payments over a period not to exceed five (5) years after the date of the order for relief of a value as of the Effective Date of the Plan, equal to the Allowed Amount of the Claim, except as to the extent that the holder of a particular claim has agreed to a different treatment of such claim as permitted by 11 U.S.C. s. 1129(a)(9). The [Appellee] will pay interest on such claims at the Statutory Rate.

(Doc. 3-68 (quoting Doc. 3-50, pp. 2, 3)).

Appellants argued they had no reason to know the Confirmed Plan would treat their claims as general unsecured claims because it "did not specify by name the priority claims or general unsecured claims to support a challenge [to confirmation] nor did said Plan contain any statement purporting to reclassify [Appellant]s' priority claims." (Doc. 3-68, pp. 4–5, 8).

Appellants also insisted that Appellee had used the confirmation process to surreptitiously "reclassify" their claims as general unsecured claims and that the claims for unreturned security deposits are entitled to priority status under § 507(a)(7). Accordingly, they sought a "partial revocation" of the Confirmation Order pursuant to 11 U.S.C. § 1144, which permits the revocation of a confirmation order procured by fraud. (Doc. 3-68, p. 13).

Specifically, Appellants asked the Bankruptcy Court to amend the Confirmation Order to provide "for the immediate and full payment of all security deposits as [priority claims] pursuant to 11 U.S.C. § 507(a) . . . and determine same nondischargeable . . . under 11 U.S.C. § 523(a)(4)." (*See id.* at 14; *see also* Docs. 3-75–

- 4 -

3-78, p. 15). Alternatively, Appellants sought an order compelling Appellee "to amend its [Plan] and financial schedules to reflect completely and with specificity the proposed terms of [r]eorganization as to each and every claim filed" and that the "[Bankruptcy] Court deny the confirmation of the [Appellee's] [Plan] until an "audit of [Appellee's] financial schedules" is conducted and a confirmation hearing is held. (*Id*. at 14).

Upon consideration, the Bankruptcy Court found that: (1) Appellants' claims were not entitled to priority status under 11 U.S.C. § 507; (2) revocation was equitably moot; (3) there was no fraud to support revocation under 11 U.S.C. § 1144; and (4) 11 U.S.C. § 523(a) was not applicable because Appellee is not an "individual" debtor. (Doc. 3-2). Consistent with its findings, the Bankruptcy Court denied Appellants' Motion for Reconsideration and sustained Appellee's Objections to Appellants' proofs of claim. (Docs. 3-2, 3-89).

Appellants timely filed a Notice of Appeal to this Court, seeking review of the Bankruptcy order denying the Motion for Reconsideration.[1] (Doc. 1.) Both parties submitted briefing, thus the matter is now ripe for adjudication. (Docs. 16, 19, 22).

---

[1] Appellants also timely appealed the Bankruptcy Court's order sustaining Appellee's Objections. *See Treder et al v. GEA Seaside Investment, Inc.*, No. 6:21-cv-00437AF, Doc. 1 (M.D. Fla. Mar. 8, 2021).

II. **Legal Standard**

Functioning as an appellate court, district courts have jurisdiction over appeals from a bankruptcy court's final judgments under 28 U.S.C. § 158(a)(1); *see In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994). Conclusions of law are reviewed *de novo*. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). Factual findings are reviewed for clear error. *Id.* Clear error exists if "the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *Jones v. Childers*, 18 F.3d 899, 904 (11th Cir. 1994).

III. **Discussion**

Appellants challenge the Bankruptcy Court's order denying their Motion for Reconsideration. In response, Appellee argues, *inter alia*, that this appeal is equitably moot and should be dismissed. The Court agrees.

"Equitable mootness is a discretionary doctrine that permits courts sitting in bankruptcy appeals to dismiss challenges (typically to confirmation plans) when effective relief would be impossible." *In re Bayou Shores SNF*, LLC, 828 F.3d 1297, 1328 (11th Cir. 2016) (citation omitted). "It seeks to avoid an appellate decision that would knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court." *Id.* (citation and internal quotations omitted). "Central to a finding of mootness is a determination by an appellate court that it cannot grant

effective judicial relief." *Id.* (citation and internal quotations omitted) (emphasis added).

In determining whether the equitable mootness doctrine applies, courts in the Eleventh Circuit consider: (1) whether a stay pending appeal has been obtained; (2) whether the plan been substantially consummated; (3) the type of relief the appellant seeks on appeal; (4) the effect granting relief will have on the interests of third parties not before the court; and (5) whether relief will affect the re-emergence of the debtor as a revitalized entity. *In re Club Assocs.*, 956 F.2d 1065, 1069 n.11 (11th Cir. 1992).

No single factor is determinative; a court must consider "all the circumstances of the case to decide whether it can grant effective relief." *In re Nica Holdings, Inc.*, 810 F.3d 781, 787 (11th Cir. 2015) (citation and internal quotations omitted). That said, the first two factors are "especially important." *In re Hazan*, 10 F.4th 1244, 1252 (11th Cir. 2021). "The failure to timely obtain a stay is critical because it is an 'important policy of bankruptcy law that court-approved reorganization plans be able to go forward based on court approval unless a stay is obtained.'" *Id.* (quoting *Miami Ctr. Ltd. P'ship v. Bank of N.Y.*, 838 F.2d 1547, 1555 (11th Cir. 1988)). Substantial consummation of the plan is also important because the "inability to rely on a plan before exhaustion of all appeals would entail delay that would often impair or kill the most beneficial opportunities [and] [t]he debtor's

chance for a fresh start could be seriously impaired." *Id.* (citation and internal quotations omitted).

    A.    **Existence of a Stay**

Appellants failed to timely seek a stay. In fact, they did not appeal the Confirmation Order. Instead, Appellants waited nearly a month after the Confirmation Order was entered to file the Motion for Reconsideration underlying this appeal.

Appellants note that, in the Motion for Reconsideration, they asked the Bankruptcy Court to stay consummation of the Confirmed Plan and execution of the Confirmation Order pursuant to Federal Rule of Bankruptcy Procedure 3020(e). (Doc. 16, p. 30). That is true. But Rule 3020(e) imposes only a fourteen (14) day automatic stay after the entry of a confirmation order, *see* 11 U.S.C. 3020(e), and Appellants cite no authority to suggest that Rule 3020(e) permits a court to impose a stay once the fourteen-day window had expired. As such, the Court finds that Appellants' failure to obtain a stay weighs in favor of applying the equitable mootness doctrine.

    B.    **Substantial Consummation of the Plan**

The Bankruptcy Code defines substantial consummation as:

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (B) assumption by the debtor or by the successor to the debtor

- 8 -

> under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> (C) the commencement of distribution under the plan.

11 U.S.C. § 1101(2).

Here, the record reveals that the Confirmed Plan has been in effect for over a year. (Doc. 3-58, p. 126) (stating that the "[t]he effective date of the [Confirmed] Plan was the eleventh business day following the date of the entry of the [Bankruptcy Order]"). Appellee contends that the Confirmed Plan has been substantially consummated because: (1) "no property is being transferred under the Plan"; (2) "all property of the estate vested in [Appellee] at confirmation and [Appellee] has assumed continued management of [Appellee]'s business and property"; and (3) "[Appellee] has commenced distributions under the Plan." (Doc. 19, p. 15). Appellants present no compelling arguments to the contrary. (*See generally* Docs. 16, 22). Thus, this factor weighs in favor equitable mootness.

    C.    **Type of Relief Sought and the Effect on Third Parties**

Appellants do not dispute that the rights of third parties will be affected if the entire Plan is revoked. Instead, Appellants insist that the Court may fashion a remedy to preserve the rights of third parties by partially revoking or modifying the Confirmed Plan to allow Appellants' claims for return of the security deposits. (Doc. 16, pp. 11, 14, 22; Doc. 3-68, p. 13). According to Plaintiffs, "[j]ust as a [c]ourt

may revoke a [c]onfirmation [o]rder based upon proof of procurement by fraud under 11 U.S.C. [§] 1144, a [c]ourt may reconsider and amend its [o]rder to prevent fraud." (Doc. 16, pp. 14, 22).

However, a partial revocation or modification of the Plan is "not a form of relief contemplated by § 1144." *See In re Innovative Clinical Solutions, Ltd.*, 302 B.R. 136, 144 (Bankr. D. Del. 2003); *see also In re Motors Liquidation Co.*, 462 B.R. 494, 500 (Bankr. S.D.N.Y. 2012) ("A bankruptcy court cannot partially revoke a plan."). In fact, § 1127(b) offers the only avenue for modifying a confirmed plan.[2] *See In re Winn–Dixie Stores, Inc.*, 377 B.R. 322, 335 (M.D. Fla. 2007) *aff'd sub nom, In re Winn–Dixie Stores, Inc.*, 286 Fed. App'x. 619 (11th Cir. 2008). Thus, a partial revocation or modification of the Plan under § 1144 is improper.

Even if the Court could partially revoke a confirmation order, § 1144 allows a court to "revoke [an] order *if and only if such order was procured by fraud.*" 11 U.S.C. 1144; *In re Delta Air Lines, Inc.*, 386 B.R. 518, 532 (Bankr. S.D.N.Y. 2008). To establish fraud, a party must establish that: (1) the debtor or proponent made a materially

---

[2] Appellants claim that they sought modification of the Confirmation Order pursuant to § 1127(b). (Doc. 16, p. 15). But § 1127(b) limits post-confirmation modifications in two ways—first, the modifications may only be made by "[t]he proponent of [the] plan or the reorganized debtor[;] and second, the modifications must occur before "substantial consummation of such plan." 11 U.S.C. § 1127; *In re Winn-Dixie Stores, Inc.* 337 B.R. 335. Here, Appellants are not the proponents of the Confirmed Plan nor the reorganized debtor. Moreover, they do not dispute that the Confirmed Plan has been substantially consummated. Thus, § 1127(b) is inapplicable.

false representation or omission to the court; (2) the representation was made with knowledge of its falsity or reckless disregard for the truth; (3) the representation was made to induce the court's reliance; (4) the bankruptcy court relied upon the representation; and (5) the bankruptcy court entered the confirmation order in reliance on the representation. *In re Sherwin Alumina Co., L.L.C.*, 952 F.3d 229, 235 (5th Cir. 2020).

In this case, Appellants essentially argue that Appellee committed fraud because their proofs of claim asserted priority status but Appellee surreptitiously "reclassified" Appellants' claims as general unsecured claims without putting Appellants on notice.[3] (*See, e.g.*, Doc. 3-68, pp. 8 (arguing "[Appellants] did not have sufficient notice or basis to object to the [Confirmed] Plan as submitted or, critically, to presume that their priority claims would be disregarded or otherwise reclassified to another class").

Appellants' assertion is belied by the record. Appellants' claims were never afforded priority status. The Confirmed Plan, and every prior iteration of Appellants' Plan, conspicuously lists only one priority claim—namely, a claim filed by the IRS. (Doc. 3-19; Doc. 3-32; Doc. 3-41; Doc. 3-45; Doc. 3-46). Appellants had

---

[3] (*See also* Doc. 16, pp. 17, 22 (claiming "[Appellee] obtained confirmation by hiding its intention to transfer the deposits to [Appellee] by purportedly reclassifying them before filing any objection to put the Appellants on notice or otherwise filing an adversarial proceeding").

Case 6:21-cv-00800-DAF Document 14-5 Filed 10/21/21 Page 12 of 13
Case 8:00-bk-00800-JAF    Doc 2445    Filed 10/12/21    Page 12 of 13    PageID 2765

the opportunity but failed to object. Without that objection, the Court cannot discern, and Appellants fail to adequately explain, how Appellee committed fraud, much less fraud on the Bankruptcy Court.

Moreover, Appellants' requested relief poses a threat to the Appellee's emergence as a revitalized company. Thus, no effective relief can be granted under § 1144.[4]

### D. Revitalized Debtor

As for the final factor, Appellants do not dispute that their requested relief would affect Appellants' emergence as a revitalized entity and would require unraveling of the Plan. As such, this factor also weighs in favor of equitable mootness.

### IV. Conclusion

Having carefully considered each of the aforementioned factors, the balance

---

[4] Appellants argue that they also sought relief from the Bankruptcy Order under Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b), which permits a court to relieve a party from a final judgment for: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud, misrepresentation, or other misconduct of an adverse party, … or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); Fed. R. Bankr. Proc. 9204. However, "Rule 60 and Rule 9024 cannot provide a remedy that is foreclosed by [§ 1144] because the rules of civil procedure and bankruptcy procedure may not abridge, enlarge or modify any substantive right." *Mt. McKinley Ins. Co. v. Pittsburgh Corning Corp.*, No. BR 00-22876, 2015 WL 4773425, at *2 (W.D. Pa. Aug. 12, 2015) (citations and internal quotations omitted); *In re Vencor, Inc.*, 284 B.R. 79, 83 (Bankr. D. Del. 2002) (noting that "Rule 9024 expressly requires any action to revoke a confirmation order under chapter 11 must be filed in the time specified in Section 1144"). Accordingly, Appellants are not entitled to relief under Rule 60(b).

of equities strongly weighs in favor of equitable mootness. The Confirmed Plan took effect more than a year and a half ago. During this time, the Appellants did not appeal the Confirmation Order and did not obtain a stay of the Confirmed Plan. Consequently, the Confirmed Plan proceeded as expected and has been substantially consummated. The relief Appellants seek would affect the rights of third parties and pose a threat to the Appellee's emergence as a revitalized company. Therefore, this appeal is equitably moot.

Accordingly, is hereby **ORDERED and ADJUDGED** that the Bankruptcy Court's Order Denying Tenants' Motion to Reconsider, Clarify, or Amend the Confirmation Order is **AFFIRMED**. Appellants AnnElise Treder, David Treder, Iris Oswald, Tammy Cruz, Mary Savard, Paul Savard, Babara Burnes, B. Pooler, R. Coffey, and R. Anderson's appeal (Doc. 1) is **DISMISSED**. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, on October 21, 2021.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties