ORDERED.

Dated: February 02, 2022

/s/ Jerry A. Funk
Jerry A. Funk
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | CASE NO: 3:18-bk-00800-JAF |
| | CHAPTER 11 |
| GEA SEASIDE INVESTMENT INC., | |
| dba GEA Seaside Investments Inc, | |
| Debtor_____/ | |

**AGREED ORDER DENYING
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.,
CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES
2006-6'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOC 1429)
(Re: 115 OGDEN BLVD, DAYTONA BEACH, FL 32118)**

**THIS CASE** came before the Court for consideration of the *Motion for Relief from the Automatic Stay* (Doc No. 1429) (the "Motion") filed by U.S. Bank National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-6, its successors and/or assigns ("Secured Creditor"). By submission of this order for entry, the submitting counsel represents that the opposing party consents to its entry. Noting the agreement between the parties, and it is:

B&S File No.: 20-F01331
BKMFR01

**ORDERED**:

1. The Motion (Doc 1429) is DENIED as Moot. Relief from the Automatic Stay under 11 U.S.C. §362 was granted upon confirmation of Plan.

2. The Debtor will resume making all future regular monthly installment payments, in the amount of $343.74, as they become due commencing February 1, 2022.

3. The Debtor is delinquent and due for January 1, 2021, and all subsequent post-confirmation payments ("Post-Confirmation Delinquency").

4. The current Post-Confirmation Delinquency is **$4,468.62** (January 1, 2021- January 1, 2022 at $343.74 each).

5. The Debtor is delinquent in post-petition escrow advances in the amount of **$13,507.16** ("Post-Petition Escrow").

6. The total outstanding delinquency (Post-Confirmation Delinquency of $4,468.62+ Post-Petition Escrow $13,507.16) on the account through January 2022 is **$17,975.78** (the "Total Delinquency").

7. The Debtor shall have 36 months to cure the Total Delinquency on the account.

8. The Total Delinquency shall be cured in monthly payments of $499.33 beginning February 1, 2022 and continuing through and including December 1, 2024, with the final cure payment of $499.23 due January 1, 2025.

9. Debtor shall remit payments to:

    Wells Fargo Bank, N.A.
    Attention: Payment Processing
    MAC# F2302-04C
    1 Home Campus

Des Moines, IA 50328

10. The loan is de-escrowed and the Debtor shall continue to maintain the property taxes and any required real property insurance. The Debtor agrees to provide copies of proof of tax payment and or proof of real property insurance within 14 (fourteen) days from the Secured Creditor's request date by email or mail, whichever date is earlier. Email requests shall be directed to Jaber79114@aol.com. Mail requests shall be mailed to GEA Seaside Investments, 428 North Peninsula Drive, Daytona Beach, FL 32118-4038.

11. In the event the Debtor fails to maintain the property taxes and any required real property insurance, the Secured Creditor may, in its sole discretion and in accordance with the Loan, disburse the property taxes and or obtain insurance needed and thereafter require the Debtor to reimburse the Secured Creditor for any and all escrow advances made.

12. In the event that either any payment or the requested documents required by this Order, is not received by the Secured Creditor within 15 (fifteen) days after its due date, the Secured Creditor shall mail a Notice of Default to the Debtor and Debtor's Counsel, by first class mail, postage pre-paid and by email to Debtor's counsel and to Debtor at Jaber79114@aol.com at the same time as the Notice of Default is mailed to the Debtor. The Notice of Default will state in simple and plain language the following:

a. That the Debtor is in default of not making at least one payment required under this order, and or not providing any requested documents reflects that the taxes and insurance are maintained as required.

b. The date(s) and amount(s) of each missed payment and any late charge necessary to cure the default;

    c. The amount of the any tax or insurance disbursement the Secured Creditor makes due to the Debtor's failure to maintain;

    d.    The action necessary to cure the default;

    e.  That the Debtor must take one of the following actions within 21 (twenty-one) days after the date of the mailing of the Notice of Default:

    i.    Cure the default;
    ii.    File an objection with the Court stating that no default exists;
    iii.    File an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

If the Debtor does not take one of the actions set forth in paragraph 12(e), the Secured Creditor may file a certificate that it has complied with the terms of this Order and Secured Creditor may proceed with foreclosure pursuant to its state law remedies without further notice to the Debtor.

If the Debtor files an objection to the notice of default, the Secured Creditor must set the matter for hearing and give notice of the hearing.

    13.    The hearing scheduled for February 28, 2022 at 1:30 PM is cancelled.

Attorney Teresa Hair is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

B&S File No.: 20-F01331
BKMFR01