ORDERED.

Dated: March 02, 2022

*Jerry A. Funk*
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:　　　　　　　　　　　　　　　　　　　　CASE NO: 3:18-bk-00800-JAF
　　　　　　　　　　　　　　　　　　　　　　　CHAPTER 11
GEA SEASIDE INVESTMENT INC. dba GEA Seaside
Investments Inc,

　　　Debtor
_____/

**AGREED ORDER DENYING DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2006-WF2, ASSET-BACKED CERTIFICATES, SERIES 2006-WF2'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY (DOC 1430)
(Re:  514 PHOENIX AVENUE, DAYTONA BEACH, FL 32118)**

**THIS CASE** came before the Court for consideration of the *Motion for Relief from the Automatic Stay* (Doc No. 1430) (the "Motion") filed by Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2006-WF2, Asset-Backed Certificates, Series 2006-WF2, its successors and/or assigns ("Secured Creditor").  By submission of this order for entry, the submitting counsel represents that the opposing party consents to its entry.  Noting the agreement between the parties, and it is:

　　　**ORDERED**:

　　　1.　　　The Motion (Doc 1430) is DENIED as Moot. Relief from the Automatic

Stay under 11 U.S.C. §362 was granted upon confirmation of Plan.

2. The parties agree that the loan will be escrowed for Wind Insurance only starting March 1, 2022. The Debtor will resume making all future regular monthly installment payments, in the estimated amount of $781.46 ($523.34 P and I, and $258.12 escrow for Wind Insurance only), as they become due commencing March 1, 2022. Debtor understands the amount of the monthly escrow payments is subject to change per periodic escrow review of the account.

3. The escrow payment for Wind Insurance listed above is Secured Creditor's good faith estimate and is an estimate only. The final escrow payment amount will not be known until this order is entered and the loan is analyzed. If the actual escrow payment is determined to be less than $258.12 a month, Wells will apply any overage from payments to the escrow account. In the event that the actual escrow payment is more than $258.12 a month, the Debtor will be responsible to cure the difference between the monthly actual escrow and the estimated escrow payments ("Escrow Deficiency"). The Debtor will have ninety (90) days from the date of the escrow analysis to cure any Escrow Deficiency that results from the actual escrow payment being higher than the estimated payment or file an Objection. If the case is closed and Debtor objects within the 90 day timeframe, Secured Creditor shall respond in writing agreeing to fix the error or detailing why no error exists. If the parties remain unable to resolve the dispute, Debtor may respond in writing to request an informal mediation conference with Debtor and Debtor's counsel and an authorized representative for Secured Creditor and Secured Creditor's counsel and the parties shall coordinate such a conference by phone or Zoom

within sixty (60) days. If the parties remain unable to resolve the dispute after the conference, then either party may proceed with their substantive rights under state law and otherwise seek to enforce this agreed order either in bankruptcy court or state court.

4. The Debtor is delinquent and due for December 1, 2020, and all subsequent post-confirmation payments ("Post-Confirmation Delinquency").

5. The current Post-Confirmation Delinquency is **$7,850.10** (December 1, 2020- February 1, 2022 at $523.34 each).

6. The Debtor is delinquent in post-petition escrow advances in the amount of **$15,069.09** ("Post-Petition Escrow").

7. The total outstanding delinquency (Post-Confirmation Delinquency of $7,850.10 + Post-Petition Escrow $15,069.09) on the account through February 2022 is **$22,919.19** (the "Total Delinquency").

8. The Debtor shall have 36 months to cure the Total Delinquency on the account.

9. The Total Delinquency shall be cured in monthly payments of $636.65 beginning March 1, 2022 and continuing through and including January 1, 2025, with the final cure payment of $636.44 due February 1, 2025.

10. Debtor shall remit payments to:

> Wells Fargo Bank, N.A.
> Attention: Payment Processing
> MAC# F2302-04C
> 1 Home Campus
> Des Moines, IA 50328

11. The loan is de-escrowed for property taxes and hazard insurance on the

property, and the Debtor shall continue to maintain the property taxes and any required real property insurance except the Wind Insurance remains escrowed. The Debtor agrees to provide copies of proof of tax payment and or proof of real property insurance within 14 (fourteen) days from the Secured Creditor's request date by email or mail, whichever date is earlier. Email requests shall be directed to Jaber79114@aol.com. Mail requests shall be mailed to GEA Seaside Investments, 428 North Peninsula Drive, Daytona Beach, FL 32118-4038.

12. In the event the Debtor fails to maintain the property taxes and any required real property insurance, the Secured Creditor may, in its sole discretion and in accordance with the Loan, disburse the property taxes and or obtain insurance needed and thereafter require the Debtor to reimburse the Secured Creditor for any and all escrow advances made.

13. In the event that any payment or requested documents required by this Order, is not received by the Secured Creditor within 15 (fifteen) days after its due date, the Secured Creditor shall mail a Notice of Default to the Debtor and Debtor's Counsel, by first class mail, postage pre-paid and by email to Debtor's counsel and to the Debtor at Jaber79114@aol.com at the same time as the Notice of Default is mailed to the Debtor. The Notice of Default will state in simple and plain language the following:

a. That the Debtor is in default of not making at least one payment required under this order, and or not providing any requested documents reflecting that the taxes and insurance are maintained as required.

b. The date(s) and amount(s) of each missed payment and any late charge necessary to cure the default;

    c.    The amount of the any tax or insurance disbursement the Secured Creditor makes due to the Debtor's failure to maintain;

    d.    The action necessary to cure the default;

    e.    That the Debtor must take one of the following actions within 21 (twenty-one) days after the date of the mailing of the Notice of Default:

    i.    Cure the default;
    ii.    File an objection with the Court stating that no default exists;
    iii.    File an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

If the Debtor does not take one of the actions set forth in paragraph 13 (e), the Secured Creditor may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtor.

If the Debtor files an objection to the notice of default, the Secured Creditor must set the matter for hearing and give notice of the hearing.

Attorney Teresa Hair is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

B&S File No.:  15-F07320
BKMFR03